# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **MARQUETTE WALKER** | **CIVIL ACTION NO. 12-2874-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN N. BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Marquette Walker ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on November 7, 2012. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. He names Warden N. Burl Cain as respondent.

Plaintiff states that on April 23, 2003, he was convicted of second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. He states he was sentenced to life imprisonment. In support of this petition, Petitioner alleges (1) he is actually innocent, and (2) he received ineffective assistance of trial and appellant counsels.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.  the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.  the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.  the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.  the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by

_____

[1]  The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

subsections (1) through (4).

**Statutory Tolling**

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on April 23, 2003. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on April 7, 2004.  State v. Walker, 870 So.2d 442, 38,254 (La. App. 2 Cir. 4/7/04).  Petitioner claims the Supreme Court of Louisiana denied writs of review, but he failed to provide the court with the date of the denial as ordered.  Based on the information provided by Petitioner and independent research, the court is unable to determine the date when the Supreme Court of Louisiana denied writs of review.

Petitioner states he began pursing post-conviction relief proceedings in May of 2005. Based on the information provided by Petitioner and independent research, the court is unable to determine if he filed one or three applications for post-conviction relief.  Review of his post-conviction relief proceedings continued until the Supreme Court of Louisiana denied relief on October 1, 2010.  State ex rel. Walker v. State, 45 So.3d 1089, 2009-1537 (La. 10/1/10).  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Even if the court were to assume that the limitation period did not begin running until October 2, 2010, Petitioner's petition would still be untimely.  The federal petition currently before the court was received

and filed in this court on November 7, 2012, and signed by Petitioner on November 5, 2012.

Since the latest the federal clock could have begun ticking is October 2, 2010, and Petitioner

had one full year in which to file his federal petition, Petitioner would have had to file this

petition on or before October 2, 2011.  Petitioner did not file his petition until November 5,

2012, more than one year too late.

**Equitable Tolling**

Petitioner argues that the federal one year limitation period should be equitably tolled

because he did not receive notice that the Supreme Court of Louisiana denied his writ of

review on October 1, 2010. The Fifth Circuit Court of Appeal has recognized that the one-

year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1)

is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson,

158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that

turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on

general principles to guide when equitable tolling is appropriate."  Fisher v. Johnson, 174

F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and

exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when

strict application of the statute of limitations would be inequitable."  Davis, 158 F.3d at

810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies "

'principally where the plaintiff is actively misled by the defendant about the cause of action

or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson,

184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable

neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.  Equitable tolling may be justified in circumstances where the petitioner was not notified of the court's decision. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000) (citing Fisher, 174 F.3d at 715).  However, equitable tolling "will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254." Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.2002).

Petitioner claims he became aware of the writ denial on April 26, 2012, when he made an inquiry to the Clerk's Office for the Supreme Court of Louisiana.   The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitation.  If petitioner would have diligently filed his federal writ of habeas corpus after receiving notice on April 26, 2012, he would be entitled to equitable tolling. However, Petitioner is not entitled to equitable tolling because he failed to proceed with diligence.  Petitioner correctly identifies that in circumstances such as this, where a state Supreme Court fails to notify a petitioner of a decision, he may be entitled to equitable tolling. See Phillips, 216 F.3d at 511.  Nevertheless, after learning of the adverse decision by the Supreme Court of Louisiana on April 26, 2012, he waited an additional six months before filing his federal writ of habeas corpus in November 2012. The decision to wait six months before filing his petition in this court can hardly be considered diligence, and thus equitable tolling does not apply. See Alexander, 294 F.3d at 629; see also Coleman, 184 F.3d at 403 (equitable tolling unwarranted based on six-month delay before filing of federal petition).  Also, Petitioner waited more than one and a half years after filing his writ

application to the Supreme Court of Louisiana before attempting in April 2012 to inquire about it. "Untimely status inquiries by habeas petitioners do not warrant equitable tolling." Williams v. Cooper, 2008 WL 3975610 (E.D. La.) citing Lewis v. Cockrell, 2001 WL 1267701, at 3 (5th Cir.2001). Thus, equitable tolling does not apply in this matter and this case is time barred.

Next, Petitioner argues that the limitation period should be reckoned as to his ineffective assistance of counsel claims as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites Martinez v. Arizona, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). Martinez, supra and its progeny (see for example, Trevino v. Thaler, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a habeas petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitation and cannot be invoked to establish eligibility for equitable tolling. Compare Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir.2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be

**DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED, in chambers, in Shreveport, Louisiana, this 27th day of April 2015.

Mark L. Hornsby
U.S. Magistrate Judge